**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60484-CIV-SEITZ**

MID-CONTINENT CASUALTY COMPANY, a
foreign corporation,

       Plaintiff,

vs.

CENTERLINE HOMES CONSTRUCTION, INC., a
Florida corporation, COMPLETED COMMUNITIES
II, LLC, a Florida limited liability company,
CENTERLINE HOMES AT GEORGETOWN, LLC, a
Florida limited liability company, CENTERLINE
HOMES, INC., a Florida corporation, UNITED
FRAMERS, INC., a Florida corporation,
KRZYSZTOF OLSCHEWSKI and CHAD PRANDI,
citizens of Florida, et al.

       Defendants.                        /

**CENTERLINE'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO STAY OR TRANSFER THIS ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF LOUISIANA AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC and Centerline Homes, Inc., (collectively "Centerline"), hereby move this Court to dismiss this action or, in the alternative, to stay or transfer it to the United States District Court for the Eastern District of Louisiana, where a first-filed action related to the identical issues is pending.

**INTRODUCTION**

On January 26, 2010, Centerline first filed an action seeking a declaratory judgment against Mid-Continent Casualty Company ("Mid-Continent") and Centerline's other insurers, which is pending in the Eastern District of Louisiana as part of MDL 2047 (the "Louisiana Action"). The Louisiana Action seeks declaratory relief concerning, among other issues, Mid-

Continent's obligations for claims arising from defective Chinese manufactured drywall under certain insurance policies that it sold to Centerline. The Louisiana Action also includes a claim for breach of contract against Mid-Continent for its failure to acknowledge coverage for the underlying claims.

Preferring Florida as a venue, Mid-Continent filed this action approximately two months later (the "Florida Action"). Like the Louisiana Action, the Florida Action requests declaratory relief concerning Mid-Continent's obligations under insurance policies it sold for claims arising from defective Chinese manufactured drywall. The Louisiana Action, however, is the more comprehensive of the two actions. It names both of Centerline's insurers, as well as the insurers for Centerline's subcontractors that installed and provided the defective Chinese manufactured drywall. The Louisiana Action also asserts a breach of contract claim against Mid-Continent and the other insurers.

Pursuant to the "first-filed rule," this Court should dismiss the Florida Action, or in the alternative, stay the action or transfer it to the United States District Court for the Eastern District of Louisiana. The issues that Mid-Continent places before this Court should be decided only once -- in the Louisiana Action. Furthermore, continued maintenance of the Florida Action will result in piecemeal adjudication, duplicative discovery, inefficient use of the judicial system, and potentially inconsistent results, all of which the Louisiana Action, as part of MDL No. 2047, seeks to avoid.

## STATEMENT OF THE FACTS

The owners of certain homes developed and built by Centerline have made claims against Centerline, alleging that the Chinese drywall installed in the homes that they purchased from Centerline is defective and has resulted in bodily injury and property damage to their homes and

personal property (the "Chinese Drywall Claims"). Compl. ¶¶ 67-69. These Chinese Drywall Claims include lawsuits filed in the State of Florida and the United States District Courts for the Eastern District of Louisiana (the "Lawsuits").

Centerline is a named insured under 8 primary commercial umbrella policies and excess liability policies commercial liability insurance policies issued by Mid-Continent, for policy periods ranging from at least September 8, 2004 to September 8, 2007. Compl. ¶ 74. Centerline is also an additional insured under United Framers, Inc.,'s commercial liability insurance policy issued by Mid-Continent. *Id.* Centerline tendered the Chinese Drywall Claims to Mid-Continent for indemnity, but Mid-Continent failed to acknowledge its coverage obligations. Ex. A, ¶ 23. Thus, on January 26, 2010, Centerline filed an action seeking a declaratory judgment against Mid-Continent and Centerline's other insurers, which is pending in the Eastern District of Louisiana as part of MDL 2047. *See Centerline Homes Construction, Inc., et al. v. Mid-Continent Casualty Company, et al.*, E.D. La., C.A. No. 10-00178. *See* Ex. A.

Subsequently, on March 31, 2010, Mid-Continent filed this related second-filed action in the Southern District of Florida, wherein Mid-Continent seeks a declaratory judgment that is a mirror image of what Centerline seeks in the Louisiana Action; that is, that insurance coverage is *not* afforded for the Chinese drywall claims asserted against its insured, Centerline, in the multidistrict litigation in the Eastern District of Louisiana and various state court claims filed in Florida. *See* DE #1.

## **MEMORANDUM OF LAW**

UNDER THE FIRST-FILED RULE, THE COURT SHOULD DISMISS, OR IN THE ALTERNATIVE, STAY OR TRANSFER THE FLORIDA ACTION TO THE EASTERN DISTRICT OF LOUISIANA WHERE THE FIRST-FILED LOUISIANA ACTION IS PENDING

"[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Global Innovation Tech. Holdings, LLC v. Acer Am. Corp.,* 634 F. Supp. 2d 1346, 1348 (S.D. Fla. 2009) (noting that case law in both the Fifth Circuit and Eleventh Circuit strongly favors the forum of the first-filed case); *Davis v. Hartford Ins. Co. of Midwest*, No. 09-5852, 2009 WL 3347090, *2 (E.D. La. 2009); *Breckenridge Pharmaceutical, Inc. v. KV Pharmaceutical Co.*, No. 08-80963-CIV, 2009 WL 1404698, *3 (S.D. La. 2009) (transferring the second-filed case under the first-to-file rule). Indeed, "it is a general rule that a district court may dismiss, transfer, or stay an action so that the issues presented can be resolved first in the earlier filed action pending in another district court." *Pollution Prevention Servs., Inc. v. Inter Recycling, Inc.*, No. 96-54-CIV-T-17A, 1996 WL 378990, at *7 (M.D. Fla. July 1, 1996) (internal quotations and brackets omitted).

The first-filed rule "is consistent with the doctrine of federal comity which requires the federal district courts to refrain from interfering with each others' affairs in order to avoid duplication of judicial resources and conflicting decisions." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). The first-filed rule also aims to avoid "piecemeal resolution of disputes" and multiple actions. *Groom v. Bank of Am.*, No. 8:08-cv-2567-T-27EAJ, 2010 WL 627564, at *9 (M.D. Fla. Feb 23, 2010); *Pollution Prevention Servs., Inc.*, 1996 WL 378990, at *7.

The first-filed rule has been applied to duplicative actions seeking declarations of identical insurance policies. *See Marietta Drapery & Window Coverings Co., Inc. v. North River Insurance Co.*, 486 F. Supp. 2d 1366 (N.D. Ga. 2007). In *Marietta*, two actions were filed – one by the insured and one by the insurer – seeking declaratory judgments regarding the insurer's obligations under the insured's general liability insurance policy. *Id.* at 1367. The *Marietta* Court applied the "first-filed rule" and found that there was substantial overlap between the two cases in that both actions arose out of the same insurance coverage dispute. *Id.* at 1369. The Court then transferred the second-filed action to the first-filed forum in order for the filed-filed court to determine whether which case should proceed. *Id.* at 1370. ("The proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.") (internal citations omitted). Here, Centerline seeks the same result.[1]

### A. The First-Filed Rule Applies Here Because The Louisiana And Florida Actions Substantially Overlap

In this case, the first-filed rule applies because the Louisiana and Florida Actions involve overlapping parties, issues, and claims. "The first-filed rule considers (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Groom*, 2010 WL 627564, at *9. The first-filed rule does not require identical lawsuits; rather, it applies "where two actions involve overlapping issues and parties." *Global Innovation*, 634 F. Supp. 2d at 1347; *Groom*, 2010 WL 627564, at *3, 9 (applying first-filed rule where first action involved twenty-one different defendants and one less plaintiff than the second-filed action). *See also*

---

[1] Centerline previously "tagged" this action for transfer to MDL No. 2047, but that request was denied. *See* DE # 37, 98. Although Centerline raised the first-filed rule as a basis for transfer, the JPML's Order Vacating Conditional Transfer Order No. 18 was silent on the issue. *See* DE # 98. Centerline therefore moved for reconsideration of the JPML's Order. *See* DE # 99.

*Groom*, 2010 WL 627564, at *3, 9 (applying the first-filed rule where eleven plaintiffs in first-filed action also constituted plaintiffs in the second-filed action which involved 118 plaintiffs in total, and the two actions involved some of the same defendants and claims).

It is beyond dispute that Centerline filed the Louisiana Action prior to Mid-Continent's filing of the Florida Action. The Louisiana Action was filed on January 26, 2010, *two months* prior to Mid-Continent's Florida Action. *Compare* Ex. A and D.E. #1.

Moreover, the Louisiana and the Florida Actions involve overlapping parties: Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC and Centerline Homes, Inc., and Mid-Continent. The presence of the other insurance company defendants in the Louisiana Action and homeowner-defendants and United Framers, Inc., in the Florida Action does not militate against application of the first-filed rule because the parties need not be identical for the rule to apply. *See, e.g., Global Innovation*, 634 F. Supp. 2d at 1347; *Groom*, 2010 WL 627564, at *3, 9. The presence of the additional insurers in the Louisiana Action simply provides for a more comprehensive action. *See Federal Ins. Co. v. Mazer Corp.*, No. 3:08-cv-0374, 2009 WL 650393, at *4 (S.D. Ohio Mar. 11, 2009) (holding that a state court action was "the better forum for this insurance contract interpretation dispute" because, among other things, it was filed first and "more comprehensive"); *Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 617 (E.D. Va. 2008) (favoring resolution of dispute in first-filed lawsuit that "provides a broader and more comprehensive forum for resolving the entire dispute between the parties").

Further, the fact that the various homeowner-defendants and United Framers, Inc., are not named in the Louisiana Action also does not militate against application of the first-filed rule. The homeowner-defendants are proper, but not necessary parties to this litigation. As Mid-

Continent properly argued in *Mid-Continent Casualty Co. v. Basdeo*, the homeowner-defendants have a purely economic interest in this action, and therefore have no legally protectable interest in it. 2009 WL 2450386, No. 08-61473 *3 (S.D. Fla. Aug. 7, 2009). Thus, the fact that they are not named in the Louisiana Action is irrelevant.

The absence of United Framers, Inc., in the Louisiana Action is likewise immaterial. By failing to make an appearance or otherwise responding to Mid-Continent's complaint in *this* action, United Framers, Inc., has signaled its indifference to the result of this litigation. Moreover, Centerline can adequately protect United Framer's interests in both actions, as both parties would ultimately be seeking coverage under United Framer's policies – United Framers as a named insured and Centerline as an additional insured.

Furthermore, as discussed above, the Louisiana and Florida Actions involve ***identical*** factual and legal issues. Both the Louisiana and Florida Actions will require factual determinations concerning the supply, installation, and effects of Chinese manufactured drywall at overlapping locations. Additionally, both actions seek declaratory relief regarding Mid-Continent's obligations under the insurance policies that it sold.

Finally, the overlapping declaratory actions are best decided in the Louisiana Action because evidence presented in connection with Mid-Continent's obligations under its insurance policies will necessarily determine whether it has breached the policies by failing to provide coverage. Since the Louisiana and Florida Actions substantially overlap in their parties, issues, and claims, this Court should apply the first-filed rule and dismiss, or in the alternative, stay or transfer the Florida Action.

B.   No Compelling Circumstances Warrant Departure From the First-Filed Rule

In this case, no compelling circumstances exist to trump the first-filed rule. A party objecting to jurisdiction in the first-filed forum carries "the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (*citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). Such compelling circumstances may exist where (1) special circumstances, such as anticipatory litigation or forum shopping, give priority to the second-filed action under equitable considerations, or (2) the balance of convenience strongly weighs in favor of the second-filed forum. *See Jasper Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 98-2532-CIV-T-17E, 1999 WL 781808, at *5 (M.D. Fla. Sept. 3, 1999); *id.* at 1135-37. But, "even where compelling circumstances are present, [however,] a court is not required to abandon the first-filed rule." *Vital Pharms., Inc., v. Cytosport, Inc.*, C.A. No. 08-61753-CIV, 2009 WL 302277, at *4 (S.D. Fla. Feb. 9, 2009). "The matter remains one of discretion for the trial court." *Id.*

1.   No Special Circumstances Give the Florida Action Priority Over the First-Filed Louisiana Action

The Louisiana Action constitutes neither anticipatory litigation nor forum shopping. No evidence exists that the Louisiana Action is a preemptive lawsuit. Moreover, the nature of the Louisiana Action belies any notion that it constitutes a preemptive lawsuit. Anticipatory lawsuits are typically vehicles used by "true defendants" to file declaratory judgment actions and deprive the "true plaintiff" of his choice of forum. *See, e.g., Vital Pharms., Inc.*, at *5 (where recipient of cease and desist letter filed preemptive declaratory judgment action). Here, Centerline -- and not Mid-Continent -- constitutes the true plaintiff since Centerline asserts breach of contract in addition to a declaratory judgment claim. Finally, no facts suggest that Centerline was forum shopping when it chose to file in the Eastern District of Louisiana. Centerline simply filed its

action in the forum where the majority of the underlying Chinese Drywall Claims are pending. Further, the Eastern District of Louisiana was a natural choice given the consolidation of the Chinese Drywall litigation in MDL No. 2047. For the aforementioned reasons, no special circumstances trump the first-filed rule.

        2.        The Balance of Convenience Weighs in Favor of the Eastern District of Louisiana

When deciding whether a second-filed action should proceed instead of the first-filed action, courts apply essentially the same convenience factors as when deciding to transfer an action under 28 U.S.C. § 1404(a). *Manuel*, 430 F.3d at 1135. At this stage of the proceedings, the most relevant public and private-interest convenience factors for consideration consist of: (1) weight accorded to plaintiff's choice of forum; (2) the convenience of the parties; and most importantly, (3) trial efficiency and the interests of justice.

        a)        Mid-Continent's Choice of Forum Deserves Little Weight in Light of Centerline's First-Filed Louisiana Action

Centerline's, and not Mid-Continent's, choice of forum is entitled to deference in this matter. A plaintiff's choice of forum is entitled to less than normal deference when related proceedings are pending in the transferee district. *SOC-USA, LLC v. Office Depot, Inc.*, No. 09-80545, 2009 WL 2365863, at *3 (S.D. Fla. July 30, 2009). Indeed, one Florida federal district court has stated:

> [u]ndoubtedly the most compelling reason for transfer of the instant case is that there are ongoing related proceedings pending in the Northern District of Illinois in which the parties have invested substantial time, energy, and resources. Because this action and the Illinois action involve substantial overlapping of factual and legal issues … the Court concludes that Plaintiff's choice of forum is entitled to less than normal deference.

*Id.; Breckenridge Pharm., Inc. v. KV Pharm. Co.*, No. 08-80963, 2009 WL 1404698, at *4 (S.D. Fla. May 19, 2009) (stating that "plaintiff's choice of forum is not a more important factor than

the presence of related proceedings in the transferee district"). Here, the presence of related proceedings in the MDL weighs heavily in support of transferring the Florida Action to the Eastern District of Louisiana and outweighs any deference to Mid-Continent's choice of forum in the Florida Action.

    b)  Centerline's First-Filed Louisiana Action Serves the Convenience of the Parties

The United States District Court for the Eastern District of Louisiana is equally convenient for the parties. Although Centerline is not a citizen of Louisiana, it has been named in numerous Chinese Drywall cases already pending in the Eastern District of Louisiana. Mid-Continent, an Ohio corporation with its principal place of business in Oklahoma, is also a party to the Louisiana Action, as well as three other actions seeking declaratory relief. *See Amato et al v. Liberty Mutual Insurance Company*, 2:10-cv-00932-EEF-JCW (E.D. La., filed Mar. 19, 2010); *Pate v. Am. Int'l Specialty Lines Ins. Co.*, C.A. No. 09-7791 (E.D. La., filed Dec. 23, 2009); *Northstar Holdings, Inc. v. General Fidelity Ins. Co.*, C.A. No. 10-384 (E.D. La., filed Feb. 12, 2010).

    c)  Trial Efficiency and the Interest of Justice Mandate that the Florida Action be Dismissed, or in the Alternative, Stayed or Transferred to the Eastern District of Louisiana

Trial efficiency mandates the dismissal, or in the alternative, stay or transfer of the Florida Action to the Eastern District of Louisiana. The MDL is particularly well-suited for resolution of the dispute between Centerline and Mid-Continent. Judge Fallon, the MDL's presiding judge, already has familiarity with the facts and legal issues attendant to Chinese Drywall litigation, including the coverage issues presented here. Indeed, Judge Fallon stated:

> There's also some matters that I mentioned the last time with the insurance companies, the issue of whether or not they should be transferred to the MDL and consolidated with this case or whether they should go forward in separate,

> independent jurisdictions. I studied the matter a little more closely, and I find that a lot of the policy defenses that are being urged really have to do with the type of issues that I'll be dealing with in the MDL; that is to say, a defense might be contesting contamination or contesting the type of material that was being used and whether or not that's accepted or excluded by the policy. Rather than have discovery in the various districts of the country on the same issues – the whole purpose of the MDL is to prevent that – those insurance issues, since they deal with the same facts that I will be dealing with in the MDL, it looks like … those cases are better and more efficiently dealt with if they are transferred to the MDL. Hopefully, that will be done.

*In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047, Hearing Transcript at 15 (E.D. La. Jan. 14, 2010).

As mentioned above, it is likely, if not certain, that Mid-Continent will rely on the same or similar arguments and exclusions in defending the Louisiana Action. The goal of efficient utilization of judicial resources – as well as an interest in consistent results – suggests that one decision maker in one forum should resolve these legal issues. The MDL provides a forum to efficiently determine these legal issues, as well as underlying factual issues such as the scope and cost of remediation. In fact, the MDL will provide a single forum for countless pretrial discovery matters, including issues regarding expert reports and testimony of the process through which defective Chinese Drywall allegedly has caused damages.[2]

Indeed, a similar situation occurred in *Northfield Insurance Co. v. North American Catastrophe Services, Inc.*, No. 6:09-cv-1560-Orl-28GJK, 2009 WL 3710689 (M.D. Fla. Nov. 5, 2009). In *Northfield*, the policyholder filed in the Eastern District of Louisiana seeking declaration of its insurance company's obligations to defend or indemnify it under the policy for underlying claims of damages due to formaldehyde exposure. *Id.* at *1. Three months later,

---

[2] The interest of justice also mandates the dismissal, or in the alternative, stay or transfer of the Florida Action to the Eastern District of Louisiana. Allowing the Florida Action to proceed will undo the progress that has taken place over the last eight months in the Louisiana Action, resulting in an unnecessary waste of judicial resources, time, and expenses by all parties. In contrast, nothing has happened yet in the Florida Action.

after the insurance company already made a motion to change venue in Louisiana, it filed in this Court, resulting in "two suits pending involving [the] parties and seeking the same clarification of [the insurance company's] obligations." *Id.* This Court transferred the insurance company's declaratory action to the first-filed Eastern District of Louisiana, to be consolidated with the policyholder's action, and with the Multidistrict Litigation that was pending there. *Id.*

Proceeding with the Florida Action will result in different or duplicative pretrial procedures, and waste the resources of the parties and the judiciary over the same issues that already are pending in the first-filed Louisiana Action. Moreover, it would inevitably lead to piecemeal resolution of the issues, as any determination would be binding only upon Mid-Continent. The Florida Action involves only some of the parties and some of the causes of action. No matter what the resolution of the Florida Action, the Louisiana Action will proceed to resolution regarding the additional parties and the additional causes of action, even against Mid-Continent.

Since the Louisiana Action, which is the natural plaintiff's choice of forum and the most convenient forum for all parties, would lead to a uniform process and result regarding the defendant insurance companies' obligations under their respective policies, the balance of convenience greatly weighs in favor of litigating this action in Louisiana.

## **CONCLUSION**

Based upon the foregoing, Centerline respectfully requests this Court to dismiss or stay this action. In the alternative, pursuant to 28 U.S.C. § 1406(a), Centerline requests that this Court transfer this action to the United States District Court for the Eastern District of Louisiana, so that the Honorable Judge Eldon E. Fallon can decide whether this action should be stayed or dismissed.

Dated September 7, 2010

Respectfully submitted,

By: __/s/ Peter R. Goldman_____
    PETER R. GOLDMAN
    Florida Bar No. 860565
    VANESSA M. SERRANO
    Florida Bar No. 51555
    BROAD AND CASSEL
    100 S.E. Third Ave., Ste. 2700
    Fort Lauderdale, FL 33394
    Telephone: (954) 764-7060
    Facsimile:  (954) 761-8135
    pgoldman@broadandcassel.com
    vserrano@broadandcassel.com

    *Counsel for Centerline Homes, Inc.,*
    *Centerline Homes Construction, Inc.,*
    *Completed Communities II, LLC, and*
    *Centerline Homes at Georgetown, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of September, 2010, that the foregoing document is being served on all counsel on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Vanessa M. Serrano
VANESSA M. SERRANO

## SERVICE LIST

*Mid-Continent Casualty Co. v. Centerline Homes Construction, Inc., et al.*
Case No. 10-60484-Civ-Moreno-Torres
United States District Court, Southern District of Florida

| | |
|---|---|
| RONALD L. KAMMER | PETER R. GOLDMAN |
| rkammer@hinshawlaw.com | pgoldman@broadandcassel.com |
| PEDRO E. HERNANDEZ | VANESSA M. SERRANO |
| phernandez@hinshawlaw.com | vserrano@broadandcassel.com |
| HINSHAW & CULBERTSON LLP | BROAD AND CASSEL |
| 9155 S. Dadeland Blvd., Suite 1600 | 100 S.E. Third Ave., Ste. 2700 |
| Miami, FL 33156 | Fort Lauderdale, FL 33394 |
| Telephone: (305) 358-7747 | Telephone: (954) 764-7060 |
| Facsimile: (305) 577-1063 | Facsimile: (954) 713-0996 |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Notice of Electronic Service | Centerline Homes, Inc., |
| | Centerline Homes Construction, Inc., |
| | Completed Communities II, LLC, and |
| | Centerline Homes at Georgetown, LLC |
| | Notice of Electronic Service |

4810-7838-1063.1
34720/0108