UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60484-CIV-SEITZ/SIMONTON

MID-CONTINENT CASUALTY CO.,

    Plaintiff,

v.

CENTERLINE HOMES CONSTR., INC. *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Centerline Homes Construction, Inc.; Centerline Homes at Georgetown, LLC; Centerline Homes, Inc.; Completed Communities II, LLC. ("Centerline") Motion for Reconsideration [DE 144] of the Court's Order [DE 141] Denying Centerline's Motion to Dismiss Complaint, or in the Alternative, Motion to Stay or Transfer this Action ("Motion to Transfer") [DE 102]. The Court will deny the Motion for Reconsideration because the reasons advanced by Centerline do not justify the extraordinary relief requested.

### A.   LEGAL STANDARD FOR A MOTION FOR RECONSIDERATION

It is well-settled that reconsideration "is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering and Service Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003) (citation omitted). Relief under Rule 60(b) is available only when one of the following pertain:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Case 0:10-cv-60484-PAS   Document 162   Entered on FLSD Docket 08/23/2011   Page 2 of 4

The grounds Centerline asserts do not fall within any of the five bases enumerated by Rule 60(b) and Centerline does not advance "any other reason that justifies relief."[1] To justify reconsideration under Rule 60(b)(6), Centerline must establish: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383-84 (Fed. Cir. 2010) (internal quotations omitted); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). However, a motion for reconsideration is not a vehicle "to reiterate arguments previously made." *Id.* Nor is mere disagreement with the Court's conclusions enough to warrant reconsideration. *See Linet Inc. v. Village of Wellington, Florida*, 408 F.3d 757, 763 (11th Cir. 2005) (affirming denial of reconsideration where plaintiff merely "disagreed with the district court's treatment of certain facts and its legal conclusions" in the earlier order under review). *Delaware Valley Floral Group, Inc.*, 597 F.3d at 1383-84.

**B.   ANALYSIS**

Although the Court ruled that "the first-to-file rule does not apply here," Centerline believes that the Court did not address its request to transfer this action based upon the first-to file rule. Its Motion for Reconsideration simply reiterates arguments previously considered and rejected by the Court when it held that "the first-to-file rule does not apply here." A motion for reconsideration is not an appropriate vehicle to reiterate arguments previously made.

Centerline also argues that "[t]here have been several developments since Centerline filed its Motion." [DE 144 at 2]. To the extent that Centerline makes new arguments in its Motion for

---

[1] Because Centerline does not specify the legal basis for its Motion for Reconsideration (or mention Rule 60), the Court has attempted to glean from its papers the legal bases for relief that it may be advancing.

-2-

Reconsideration, they are arguments previously available and that should have been raised before the Court ruled on its Motion to Transfer. Centerline presents no reason why these new arguments were not made prior to entry of the Court's Order denying the Motion to Transfer. A Motion for Reconsideration may not be used to present arguments previously available but not raised.

One development Centerline believes is relevant to its Motion to Transfer is Judge Fallon's ruling that Louisiana has personal jurisdiction over MCC. This ruling was issued five-months before this Court ruled upon Centerline's Motion to Transfer. Centerline presents no reason why it waited until after this Court ruled upon its motion to raise this issue. If Centerline believed Judge Fallon's ruling was pertinent to its Motion to Transfer, it was incumbent upon Centerline to act before this Court ruled upon its Motion to Transfer.

Finally, Centerline suggests that because it filed a similar motion in a case before a different judge in the Southern District of Florida, and because that motion was granted, this case should be transferred as well. It appears Centerline believes transfer is appropriate because "there are now two actions involving Centerline's insurance coverage pending in the Eastern District of Louisiana." This argument also was available months prior to the Court's Order denying the Motion to Transfer and likewise, does not justify reconsideration of the Court's earlier Order.

C. CONCLUSION

Centerline has not met the high bar necessary to succeed on a motion for reconsideration. It does not argue there was a change in controlling law; point to any evidence that was unavailable at the time the Court issued its Order; or demonstrate some clear error or manifest injustice. Centerline simply reiterates its previous arguments and presents arguments previously available but not raised. Therefore, it is

ORDERED that Centerline Homes Construction, Inc.; Centerline Homes at Georgetown, LLC; Centerline Homes, Inc.; Completed Communities II, LLC. Motion for Reconsideration [DE 144] is DENIED.

DONE AND ORDERED in Miami, Florida, this 23rd day of August, 2011.

                                                PATRICIA A. SEITZ
                                                UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Simonton
        All counsel of record